GRIMES, Judge.
Cummins E. Ratcliffe (Ratcliffe) applied to the Lee County Zoning Board for a variance. Following a public hearing, the zoning board recommended that the request be denied. On October 14, 1974, the Board of County Commissioners of Lee County passed a resolution granting the *879 variance. On November 14, 1974, W. H. Smith (Smith) and Chester Rieck (Rieck) posted a letter asking for a rehearing on Ratcliffe’s petition for variance. On the same date, Smith and Rieck filed a complaint for declaratory judgment and injunction seeking to declare the resolution which granted the variance null and void. Thereafter, the Board of County Commissioners scheduled a rehearing for January 13, 1975. On December 30, 1974, Ratcliffe filed a petition for writ of prohibition in the pending declaratory judgment action seeking to bar the Board of County Commissioners from holding a rehearing. . On January 10, 1975, the court issued a writ of prohibition prohibiting the Board of County Commissioners “from Re-Hearing the Petition of Cummins E. Ratcliffe for zoning variance.”
As the predicate for its ruling, the court below stated:
“5. The aforementioned letter of November 14, 1974 requesting a Re-Hearing was filed after the time had expired for Petitioner to seek appellate review of the decision by the Lee County Board of County Commissioners and therefore said Petition requesting a Re-Hearing was not filed within a reasonable time and hence the Lee County Board of County Commissioners lack jurisdiction to rehear Cummins E. Ratcliffe’s Petition for Variance . . . . ”
Apparently, the court was referring to the second paragraph of Section 30 of the Lee County Zoning Code which provides as follows :
“Any person . . . who may be aggrieved by any decision of the Board of County Commissioners made pursuant to a review of any decision or action of the Board of Adjustments,- or any taxpayer, may, within thirty (30) days after such decision, but not thereafter, apply to said Circuit Court for relief.”
Assuming, without deciding, that the foregoing paragraph was applicable to the Board’s resolution of October 14, 1974,[1] this would only be a ground upon which the complaint might be dismissed. It would not provide a basis for prohibiting the Board of County Commissioners from holding a rehearing.
We believe this case is controlled by the first paragraph of Section 30 of the Lee County Zoning Code which states:
“Any person . . . who may be aggrieved by any . . . resolution adopted by the Board of County Commissioners . . . may apply to such board at any time for a modification or rescission thereof. If such modification or rescission should be refused, any such person . . . may, within thirty (30) days after such refusal, but not thereafter, apply to the circuit court of the county for relief.”
This paragraph clearly permits an aggrieved person to apply “at any time” for a modification or rescission of a resolution previously adopted by the Board. The thirty-day limitation for applying to the court which is contained in this paragraph only comes into play after the Board has refused the requested modification or rescission.
We see nothing in the Zoning Code which precludes the Board of County Commissioners from holding the rehearing. In view of our interpretation of the Zoning Code, it is unnecessary for us to decide *880 whether the Board was acting in a quasi-judicial capacity so as to make it amenable to prohibition in any event.
The writ of prohibition is hereby quashed.
McNULTY, C. J., and HOBSON, J., concur.

. Smith and Rieck argue that this paragraph is wholly inapplicable because it relates only to a “decision of the Board of County Commissioners made pursuant to a review of any decision or action of the Board of Adjustments” and Lee County doesn’t have a Board of Adjustments.